Littleton, Judge,
delivered the opinion of the court:
During the years 1927 to 1930, inclusive, plaintiff, as delivering carrier, transported for the defendant numerous airplanes and airplane parts; for this service and the service of its connections, it claims certain underpayments. The question of the amount of underpayment, if any, involves a construction of the carriers’ published tariffs.
The facts (Finding 5) show that during the period involved herein there were no less-than-carload classification ratings in effect covering .airplanes or airplane parts un-boxed or uncrated, except as provided by Rule 5 of the classifications which provides as follows:
Rule 5, Section 3 (d). — When articles have been accepted and come into the carriers’ possession to be transported and are in * * * a shipping form of a kind, which is not specifically provided in the description for such articles, the rating on the articles in such * * * shipping form will be based on the ratings on the same articles in such other * * * shipping forms that have been authorized for such articles, as follows: Articles, loose. Three classes higher than in * * * boxes * * *.
The term “loose” as used above includes articles racked and braced in the car, as in the instant case, Section 6 (c) of Rule 5 providing that “When provision is made for the acceptance of articles ‘loose,’ the shipper is not relieved of responsibility for property blocking and stowing such articles as are loaded by the shipper.”
The facts further show that none of the shipments was packed in boxes or crates as provided in the less-than-carload classification provisions of Rule 5 quoted in Finding 3, except certain portions of some of the shipments on which no additional amount is claimed by plaintiff as for penalty.
It should be noted at the outset that the classification provisions set out in Finding 3, which are all of the pertinent classification provisions having a bearing upon the issue here involved, disclose that while carload rates are prescribed for *308 airplanes and airplane parts “in boxes or crates, or securely-racked and braced”, all less-than-carload rates carry only the description “in boxes or crates.”
In the following tabulation there are listed the twenty-nine shipments and opposite each is shown the freight charge based on the carload and the less-than-carload rate, respectively, under Rule 5, the figures in italics being the lesser of the two charges. The last two columns of the tabulation show, first, the amount paid by the defendant and, second, the amount claimed by plaintiff as the difference between the amount paid and the lesser of the two amounts shown in columns 1 and 2 (except for the last four items which were shipped after September 30, 1929, the effective date of Note 2, Supplement #33, to Consolidated Freight Classifications #5, as to which the difference is stated between the amount paid and the carload charge).

All of the shipments were in cars fully loaded within tariff definitions. With reference to the items sued on, none of the shipments was packed in boxes or crates. Con *309 sidered in less-than-carload lots, the lack of such containers entitled the carrier to three times the rates otherwise applicable.
All of the shipments were loaded by the defendant and were tendered on Government bills-of-lading. Four of the shipments, items 26 to 29, inclusive, are controlled by Note 2, item 14, page 26, of Supplement No. 33 to Consolidated Freight Classification No. 5 (Finding 3), which provides that articles loaded in cars by shippers not enclosed in packages required for less-than-carload shipment, will be charged for as a carload shipment. These articles were not so enclosed and it was plain that carload classification, rate, and weight apply without alternative. Note No. 2 was published in specific connection with the published rating on airplanes and airplane parts. It has no other application and, therefore, constitutes an exception to any general rule otherwise applicable.
The remaining shipments, items 1 to 25, inclusive, are all governed by Eule 15, Section 1, either of Consolidated Freight Classification No. 4 or No. 5, the pertinent portion of which provides “* * * the charge for a less-than-carload shipment must not exceed the charge for a minimum carload of the same freight at the carload rate; the charge for a car fully loaded must not exceed the charge for the same lot of freight if taken as a less-than-carload shipment.” Inasmuch as all cars were fully loaded, the prima facie carload classification, rate, and weight must be applied, but not to “exceed the charge for the same lot of freight if tahen as a less-than-carload shipment.’1'1
The less-than-carload charges for some of these shipments, items 1 to 25, inclusive, based on their unpacked condition, would be in excess of the carload classification, rate, and weight, and cannot, therefore, be applied. The less-than-carload charges for others based on an assumed condition of proper packing, that is packing requisite for less-than-carload shipment, would be less than that of carload classification, rate, and weight. But we find no tariff authority for assuming a physical condition which did not exist. If such an assumption were made, there would' be need for a further assumption that the containers would *310 weigh nothing. Adequate boxes or crates for airplanes or airplane parts would clearly add considerable to the gross weight.
The defendant relies upon the application of Rule 15 and contends that Rule 5 should not be considered, because the articles upon which Rule 5 applies a penalty rate for failure to comply with the less-than-carload packing requirements were racked and braced. With this we cannot agree. Rule 15 provides that the charge for a car fully loaded must not exceed the charge for the same lot of freight if taken as a less-than-carload shipment. “Charge,” as here used, can only mean the lawful tariff charge stated in the classifications for the freight as tendered for transportation. The less-than-carload charge can only be found in Rule 5 of the classifications. The phrase “if taken as a less-than-carload shipment” found in Rule 15 is important. We must give the words of Rule 15 their ordinary meaning, and this compels the conclusion that the only charge that could be assessed and collected for the freight here involved, “if taken”, that is, if it had been received or accepted as less-than-carload shipments in the condition offered and taken, is the charge provided by Rule 5. The fact is, and the parties have stipulated, that during the period involved herein there were no less-than-carload classification ratings in effect covering airplanes or airplane parts unboxed or uncrated, except as provided by Rule 5 of the classifications. In these circumstances the freight charges on each of the shipments 1 to 25 inclusive must be assessed on the basis of the carload rate, except when the charges are found to be lower when computed on the basis of the less-than-carload rate as provided by Rule 5, in which event the latter charge must be assessed. Plaintiff is also entitled to freight charges on shipments 26 to 29 inclusive based upon the carload rate, as provided in Note 2 hereinbefore referred to.
For the foregoing reasons the plaintiff, on the facts in this case, is entitled to recover one thousand two* hundred dollars and eighteen cents ($1,200.18) for which judgment will be entered. It is so ordered.
Whaley, Judge; Williahs, Judge; Gbeen, Judge; and Booth, Chief Justice, concur.